UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-0776 (BAH) |
| DEPARTMENT OF THE ARMY, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT MOTION TO STAY PROCEEDINGS AND TO MODIFY THE BRIEFING SCHEDULE

Pursuant to Rules 1 and 6(b) of the Federal Rules of Civil Procedure, the Parties, by and through undersigned counsel, hereby moves to stay proceedings in this matter to allow Defendant to complete processing of Plaintiff's Freedom of Information Act request. Following an additional search for two documents identified by Plaintiff's counsel as potentially responsive to the FOIA request, Defendant located an additional 1,023 pages of responsive records. Exh. 1, ¶ 7. Accordingly, Defendant needs additional time until January 30, 2015, to prepare these records for release in compliance with FOIA. *Id*. Further, because the identified documents may have necessary redactions, the Parties asks for a stay of the current briefing schedule since the brief and accompanying Vaughn index will need to be supplemented with these newly uncovered records.

Plaintiff brings this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to records it had requested from Defendant through a FOIA request for documents pertaining to the Joint Land Attack Cruise Missile Defense Elevated Netted Sensor System ("JLENS"). Compl. ¶ 2. Defendant initially located and prepared approximately 4700 pages of responsive documents, from two organizations, located in three separate offices by October 10,

2014, in compliance with the earlier stay granted in this case.   Defendant contends that many of the documents provided to Plaintiff contained information which required redaction, to include classified information.   Further, a large collection of the documents had to be reviewed by government contractors in order to protect proprietary technical and cost data.

After reviewing the materials Defendant provided, Plaintiff identified two potentially responsive documents that did not appear to be included in the submission:   1) the JLENS Performance Specification for Spiral 1; and 2) the Aerostat Performance Specification.   Exh. 1, ¶ 5.  The JLENS Product Office located the JLENS Performance Specification for Spiral 1 and released it in compliance with FOIA, however, the JLENS Product Office was not able to locate a copy of the Aerostat Performance Specification.   *Id*.   During its search for the JLENS Performance Specification for Spiral 1 and Aerostat Performance Specification, the JLENS Product Office determined that some Raytheon developed documents were responsive to Plaintiff's FOIA request and should be processed and released. The JLENS Product Office has begun to process approximately 1,023 additional pages of material for release.   *Id*. ¶ 7.

As noted in earlier filings, due to the sensitive nature of the documents at issue, their preparation for release takes additional time.   Based on the sensitive nature of the program, the JLENS documents require extensive security reviews to ensure that operational security is maintained.

The JLENS Product office is diligently working to complete its review of the newly identified responsive documents, and believes that it can complete its review and release by January 30, 2015.   On October 24, 2014, the Parties through a Joint Status Report (ECF No. 15) proposed a briefing schedule that the Court adopted by minute order on October 28, 2014.

Additionally, because of the discovery of new documents that must be prepared and released, a modification to the original briefing schedule is proposed:

| | |
|---|---|
| Defendant's Vaugh Index And Motion for Summary Judgment | No later than March 30, 2015 |
| Plaintiff's Opposition and Cross-Motion | No later than April 30, 2015 |
| Defendant's Reply and Opposition | No later than May 21, 2015 |
| Plaintiff's Reply | No later than June 11, 2015 |

Defendant apologizes for any inconvenience to the Court or Plaintiff.   However, the principle aim of FOIA is to provide information and the stay sought is directed at this central premise.   Although seemingly lengthy, the additional time requested until January 30, 2015 is required because many of the technical experts needed to review the documents prior to their dissemination will be committed to fielding the JLENS aerostat system. Exh. 1, ¶ 7.   Additionally, the documents being processed are sensitive and contain classified information.   *Id.* ¶ 8.   Lastly, once processed by the JLENS Project office, it is possible that a government contractor, Raytheon, may be entitled to its own review to protect against the disclosure of confidential commercial information.

The purpose of the requested stay is to allow Defendant to resolve Plaintiff's FOIA request, to review and produce the requested documents, and for Plaintiff to review the documents that are produced.   Defendant believes that this process will allow a significant narrowing of the issues to be litigated and may allow the parties to resolve this matter without further litigation. Accordingly, The Parties ask that this Court grant this Motion to Stay Proceedings and to Modify the Briefing Schedule.   A proposed order is included.

BY: _____/s/_____  
GINGER P. MCCALL, D.C. Bar #1001104  
JULIA HOWITZ, D.C. Bar # 422825  
Electronic Privacy Information Center  
1718 Connecticut Ave., N.W.  
Suite 200  
Washington, D.C. 20009  
(202) 483-1140 (telephone)  
(202) 483-1248 (fax)  

*Attorneys for Plaintiff*

RONALD C. MACHEN JR., D.C. Bar #447889  
United States Attorney  
for the District of Columbia  

DANIEL F. VAN HORN, D.C. Bar #924092  
Chief, Civil Division  

BY: _____/s/_____  
WAYNE H. WILLIAMS  
Special Assistant U.S. Attorney  
555 Fourth Street, N.W.  
Washington, D.C.   20530  
(202) 252-2574  
wayne.williams@usdoj.gov  

*Attorneys for Defendant*

4