UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br><br>Defendant. | Civil Action No. 14-0776 (BAH) |

## DECLARATION OF COLONEL TERRENCE L. HOWARD

I, Terrence L. Howard, Colonel, US. Army, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge:

1.  I am currently the Project Manager for Cruise Missile Defense Systems (CMDS), Program Executive Office, Missiles and Space located on Redstone Arsenal, Alabama. I have held this position since June 27, 2012. Prior to my current assignment, I served in a number of key Army acquisition positions since 1997.

2.  As the Life Cycle Manager for CMDS, I am responsible for the design, development, testing, procurement, fielding, system integration, sustainment and Foreign Military Sales for the Joint Land Attack Cruise Missile Defense Elevated Netted Sensor System (JLENS), Improved Sentinel Radar, STINGER Based Systems and Integrated Fire Protection Capability Increment 2–Intercept (IFPC 2-I). These systems enable protection of the U.S. and coalition forces as well as geopolitical assets from Cruise Missiles and Unmanned Air Vehicles. The JLENS Product Office is currently preparing the JLENS system for deployment in the nation's capital for a three-year North American Aerospace Defense Command (NORAD) United States Northern Command (NORTHCOM) Exercise.

3.  As part of my duties, I am responsible for overseeing the processing of Freedom of Information Act (FOIA) requests for documents in the custody and control of JLENS Product Office. The statements contained in this declaration are based on my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

4.  On May 20, 2014, the JLENS Product Office was tasked by its servicing FOIA office to search for responsive records related to the EPIC FOIA request. On August 20, 2014, the 135 page JLENS Performance Specification, dated August 18, 2009, was provided for release to the Plaintiff, with redactions. The classified 10 page annex was withheld in its entirety in accordance with FOIA

Exemption (b)(1). The information redacted in the remainder of this document was withheld pursuant to FOIA Exemptions (b)(1), (b)(3), and (b)(6). On September 19, 2014, three JLENS Interactive Electronic Technical Publications (IETP), totaling 30 pages, were provided for release to the Plaintiff, with redactions. The documents included the High Speed Recorder Power On, Start Data Recording and the Voice Recorder Description. The information redacted in these documents was withheld pursuant to FOIA Exemption (b)(3). At the time, we believed that all documents in the custody of the JLENS Product Office had been reviewed, redacted and released, in accordance with the requirements of FOIA.

5. On October 9, 2014, all documents responsive to the FOIA request were believed to have been released to the plaintiff. Two documents were identified by the Plaintiff, based on the materials provided, as possibly responsive to the request, but not included in the release: (1) the JLENS Performance Specification for Spiral 1 and (2) the Aerostat Performance Specification. The Spiral 1 document was not considered responsive to this FOIA request due to the assets being transferred to another government agency. The Spiral 1 system, a demonstration system not intended for production, is no longer a part of the JLENS program. Our office conducted an additional search and located the JLENS Performance Specification for Spiral 1, redacted it in compliance with FOIA, and provided it to the requestor. After a thorough search of all JLENS electronic files and safes, it was determined that we do not have a copy of the Aerostat Performance Specification.

6. The review of the JLENS Spiral 1 Specification lead to a review of what constituted an agency record. The JLENS PO originally believed that the JLENS Prime Item Description Specification (PIDS) documents were not agency records because Raytheon developed them. Subsequently, the JLENS PO determined the PIDS documents were a required contract deliverable provided to the government and were therefore agency records and responsive to the FOIA request. The JLENS Product Office immediately reported its determination and began working on the FOIA processing of the documents.

7. The JLENS Product Office is working diligently to complete the review and redaction of the JLENS PIDS documents. The JLENS Product Offices believes it will complete a review of the 1,023 pages by January 30, 2015. This extended timeframe is necessitated by the fact that the JLENS Product Office is fielding the JLENS aerostat systems in the National Capital Region with significant personnel resources committed to this critical Army mission at Aberdeen Proving Grounds. Most of the key FOIA personnel are required to support this important event, which initiates emplacement activities for the JLENS Exercise from November 29, 2014 to March 30, 2015.

8. Based on the sensitive nature of the program, the JLENS documents require extensive security reviews to ensure that operations security is maintained. The JLENS Product Office utilizes a method of redaction aimed toward preventing release of classified and sensitive data. First, these documents contain classified information and must be carefully reviewed and redacted to prevent inadvertent disclosures. The process takes a considerable amount of time since several subject matter experts must review the documents to ensure no classified or sensitive material was inadvertently overlooked. The operations security reviews are conducted by two technical and one security subject matter experts. Additional time is necessary to determine the correct exemption to apply to the redacted material. After a printed copy of the document is appropriately redacted, it is scanned into a format which prevents the ability to use manipulation software to reveal what was redacted. In addition to redacting

sections formally marked as classified, the reviewers identify other sensitive material, which is not publicly releasable from an operations security perspective. This type material could be cobbled together to reveal classified system capabilities and/or weaknesses which could be exploited for countering the system capability.

9. We have reviewed our resource loading against our schedule requirement for the mission and the FOIA requirement. Lessons learned indicate the PIDS documents require extensive technical analysis, security reviews and redaction. Therefore, we believe the product office could reasonably respond to this request by January 30, 2015.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __21__ day of November, 2014.

TERRENCE L. HOWARD
Colonel, U.S. Army
Project Manager
CMDS Project Office